**MILSTEAD COMPANY, a Corporation, Appellant,**

v.

**A. E. BROWN, dba Krest Homes, et al., Appellees.**

No. 4204.

Court of Civil Appeals of Texas.

Waco.

March 26, 1964.

Rehearing Denied April 9, 1964.

Richey, Sheeny, Teeling & Cureton, John F. Sheehy, Waco, for appellant.

Carl C. Anderson, Waco, for appellees.

TIREY, Justice.

Plaintiff has appealed from an adverse judgment against it in garnishment. The facts do not yield to a simple statement. On the 23rd day of October 1962 plaintiff sued Alvin M. Anderson, dba Waco Air Conditioning Company, for a debt due upon accounts for the sum of $13,280.29 in the 74th District Court of McLennan County, Texas. Contemporaneously therewith, plaintiff filed its application for writ of garnishment in which it averred that it had reason to believe that A. E. Brown of McLennan County, dba as Krest Homes,

was indebted to defendant Anderson or that it had effects in its hands belonging to defendant, Anderson. Writ of garnishment was duly issued and served upon Brown. Brown, in his original answer, stated in effect that he was indebted to Anderson in the sum of $6,889.08, and that $3,538.55 of said amount was for material sold to Anderson, dba Waco Air Conditioning Company, by Milstead for use on jobs for him; that he had notice from Milstead of the material it had furnished to Anderson and that Milstead had made written demand upon him for the payment in accordance with Articles 5452–5472, Revised Civil Statutes of Texas. He further answered to the effect that J. R. Sustala, dba Sustala Air Conditioning Company, is making demand on him for the payment of said amount, and he asked that Sustala, dba J. R. Sustala Air Conditioning Company, and that Anderson, dba Waco Air Conditioning Company, be made parties to the garnishment proceeding in order that the rights of the parties may be settled. Anderson filed a disclaimer to the funds in controversy. As we understand Sustala's pleadings, he went to trial on what he designated as "Defendant's Answer and Cross-Action" filed December 11, 1962, and a supplemental cross-action filed June 5, 1963. As we understand his 1962 pleading, it is to the effect that he is entitled to $6,889.08, and that it represents material he bought and paid for and placed in the houses of garnishee; that Milstead sold such material to him with the knowledge that he was placing it in the houses belonging to the garnishee; that he is in no way connected with defendant, Anderson, of Waco Air Conditioning Company, and that all parties to the litigation knew and were advised of the foregoing facts, and he prayed that the foregoing sum be awarded to him, and for costs. In his cross-action he alleged that Milstead had fraudulently converted the sum of $6,889.08 that belonged to him.

Milstead Company, in its first amended answer and cross-action filed October 1963,

entered a general denial to Sustala's pleadings. It specially plead that Sustala did not notify and secure the approval of garnishee, Brown, that he was taking over the jobs of the Waco Air Conditioning Company; that neither it nor the garnishee knew that Sustala claimed that he had taken over the contracts of Anderson operating as the Waco Air Conditioning Company and, that Brown, in consideration of Milstead Company not filing a materialman's lien for the materials it had sold to Waco Air Conditioning Company, guaranteed the payment to Milstead of the amount of $3,538.55, and that such guarantee was made by Brown and accepted by Milstead without any knowledge that Sustala was claiming to be the owner of said business or the money or the account, and that by virtue thereof Sustala is estopped to assert that he is the owner of said funds. In its cross-action it alleged substantially that Anderson, operating as Waco Air Conditioning Company, is indebted to it in the sum of $8,899.61 for materials it furnished to him for the Brown houses and, that if Sustala took over the completion of the Anderson job, it also became liable for the liabilities of Anderson, operating as the Waco Air Conditioning Company, and became liable to it in the foregoing sum. The garnishee went to trial on its second supplemental answer filed October 1963, and it denied all the allegations contained in Sustala's supplemental pleading heretofore referred to. He also alleged that he acted in the utmost good faith and he averred that it was necessary for him to engage an attorney to represent him, and alleged reasonable attorney's fees for such service to be $750.00, and he prayed for appropriate relief.

The court overruled Milstead's motion for instructed verdict and submitted two issues to the jury. They are: "(1) Do you find from a preponderance of the evidence, if any, that J. R. Sustala did not install the air conditioners involved herein in the Brown houses, for and on behalf of Alvin Anderson, dba Waco Air Condi-

tioning Company". To which the jury answered: "He did not install them for Alvin Anderson." The court instructed the jury: "If you have answered the preceding special issue: 'He did not install them for Alvin Anderson' then and in such event only you will answer the following issue: (2) Do you find from a preponderance of the evidence, if any, that prior to and on the date of the levy of the writ of garnishment of the funds herein involved, Milstead Company, its agents, servants, and employees, knew that such air conditioners in the Brown houses were not installed by J. R. Sustala for and on behalf of Alvin Anderson, dba Waco Air Conditioning Company?" To which the jury answered: "It knew." The court overruled Milstead company's motion for judgment and entered judgment on the verdict and awarded $6,889.08 to J. R. Sustala with interest from October 23, 1962, at the rate of 6% per annum and found that Brown was entitled to recover reasonable attorney's fees in the amount of $500.00, and that it should be assessed against Milstead Company, and decreed accordingly.

The judgment is assailed on five points: One is to the effect that the court erred in overruling Milstead's motion for judgment; the second is to the effect that the court erred in rendering judgment for Sustala on the findings of the jury. The fourth point is to the effect that the court erred in rendering judgment for Sustala and against Milstead for $6,889.08, because the pleadings and the evidence do not support such judgment. We overrule each of the foregoing points for reasons which we shall hereinafter briefly state. First of all, we are of the view that Sustala's pleading is sufficient to support the judgment entered in his behalf. In Sustala's pleading filed December 11, 1962, and on which he went to trial, we find the following allegations:

"The defendant would show unto the Court that the Six Thousand Eight Hundred Eighty-nine and 08/100 ($6,-889.08) Dollars in question herein be-longs to this defendant in its entirety. Defendant would further show unto the Court that all of the equipment and materials placed by him in the houses belonging to the garnishee are fully paid for. That the fund in question herein is money due this defendant for materials furnished and labor done upon houses belonging to the garnishee. The defendant would further show unto the court that both garnishor and garnishee herein knew at all times material hereto that he, the said J. R. Sustala, was operating individually and that the garnishor stated said facts to garnishee. That said garnishor sold material and equipment to this defendant with knowledge that he was placing the same in houses belonging to the garnishee. "This defendant would show that he is in no way connected with the said Alvin M. Anderson or Waco Air conditioning Company and that all parties of interest knew and were well advised of said facts."

There was no exception to the allegations contained in the foregoing paragraphs, and we think the allegations therein contained are sufficient to support the findings of the jury, as well as the judgment entered thereon. Evidence was tendered to the effect that eight jobs were involved in this transaction and that the total amount of debt owing by the garnishee on the eight jobs was $6,889.08; that Sustala bought and paid Milstead for the materials entering into these eight jobs, and that Sustala had invoices evidencing the foregoing sum, and that they were presented to the garnishee, Brown; that Sustala paid for this material out of monies that he had borrowed from J. E. Wright Company, and money that he had on hand at the time, and that none of the monies ever belonged to Alvin Anderson, or to the Waco Air Conditioning Company; that the invoices were made out by the employees of the Milstead Company, and that Sustala had no other business with Milstead Company during this period of time other than the jobs on the Brown

houses. Walter Stovall, a salesman for Milstead Company, testified in part as follows:

"Q. You did discuss with Arnold Brown about Sustala doing the air conditioning work in '62?

"A. Yes.

"Q. And so if you testified before that it was in August of '62, you're not denying that now, are you, sir?

"A. No, sir.

"Q. Was there any particular reason why you were discussing it with Mr. Brown?

"A. Yes, sir.

"Q. Why?

"A. Mr. Anderson had told me that he was planning to turn the air conditioning work over to Mr. Sustala.

"Q. * * * As a matter of fact, didn't he tell you that he was getting out of the business, and Mr. Sustala was starting his own business?

"A. He said he was planning on it.

"Q. * * * then on the strength of that, in August of 1962, just like you testified to before, you talked to Mr. Brown concerning it, didn't you?

"A. Yes, sir."

Sustala further testified to the effect that he mortgaged some of his personal property to get the money with which to pay for the material to complete the eight houses for garnishee, Brown, and it is without dispute that Sustala paid Milstead for the materials that he placed in the Brown houses, and that leads us to say that the evidence is ample to support the jury finding to the effect that Sustala did not install the air conditioning in the Brown houses for and

on behalf of Alvin Anderson, and that Milstead Company knew that such air conditioners installed in the Brown houses were not installed by Sustala for and on behalf of Alvin Anderson. Since Anderson filed a disclaimer to these funds, and since it was without dispute that Milstead Company had cut Anderson off and refused to sell him, except for cash, because of Anderson's prior indebtedness to Milstead, we are of the view that under Sustala's pleadings and his proof, that he has carried his burden of showing that he is lawfully entitled to the sum of $6,889.08. That leads us to say that we are of the view that the court did not err in overruling Milstead's motion for instructed verdict, nor its motion for judgment on the verdict, and likewise the court did not err in entering judgment in behalf of Sustala against Milstead Company for the sum of $6,889.08, because this fund had passed into the hands of Milstead or under its control, and since garnishee, Brown, admitted that he owed the foregoing sum. Appellant's third point is that the court erred in failing to give its requested special issue No. 1, which is: "Do you find from a preponderance of the evidence, if any, that Arnold Brown did not agree that J. R. Sustala could do the air conditioning work in question for his own account. Answer 'He did not agree,' or 'He did agree.'" We find no error in the court's refusing to give the foregoing issue. First of all, Sustala's pleading was sufficient to support a plea of quantum meruit. He alleged outright that he was the owner of the funds, and was entitled to them because he had installed the materials in the buildings, and that both Milstead and Brown knew it. Brown, in his answer, acknowledged that he owed the debt to someone and under his pleading and the undisputed circumstances the funds belonged to Anderson or Sustala, and he asked that they be made parties to the garnishment proceedings in order that he could be protected in the payment of the debt. Under the record here made it is without dispute that Brown had permitted the materials to be installed by Sustala, and the only question before him was: Who

was entitled to be paid?—whether it was Anderson or Sustala. Point three is overruled.

■ Appellant's fifth point is to the effect that the court erred in rendering judgment in favor of Brown, garnishee, against Milstead Company, for the sum of $500.00 because there was no pleading to justify such a judgment. As we understand the record, Milstead did not contest the garnishment fee. Sustala, in his pleading averred that Brown was not entitled to a fee as garnishee; however, in oral argument it seems all the parties agreed that the fee of $500.00 was reasonable. Rule 677, Texas Rules of Civil Procedure, is controlling here. The last clause in the Rule provides: " * * * where the answer is contested, the costs shall abide the issue of such contest." Since the cost in the garnishment proceedings was assessed against Milstead, the error of the court in taxing the $500.00 fee against Milstead Company is harmless, and the judgment is reformed to this extent that the fee of $500.00 in behalf of Brown's attorney is taxed as costs, and all cost is taxed against Milstead Company. This cause is reformed as above indicated, and as reformed, is affirmed.